677 F.2d 312
 110 L.R.R.M. (BNA) 2361, 4 Ed. Law Rep. 369
 Henry PEDERSEN and Ann Pedersen, his wife, Appellants in 81-2093,
v.
SOUTH WILLIAMSPORT AREA SCHOOL DISTRICT, Edward A.
Vollbrecht, Robert G. Lesher, Fred Agnoni, Danny
Reeser and George Michael.
Appeal of SOUTH WILLIAMSPORT AREA SCHOOL DISTRICT.
 Nos. 81-2093, 81-2094.
 United States Court of Appeals,
Third Circuit.
 Argued March 4, 1982.
Decided April 30, 1982.
Rehearing Denied June 9, 1982.
 
 Clifford A. Rieders (argued), Murphy, Mussina, Harris & Rieders, Williamsport, Pa., for Henry Pedersen and Ann Pedersen.
 John R. Bonner (argued), Casale & Bonner, P.C., Williamsport, Pa., for South Williamsport Area School Dist.
 Before HUNTER, WEIS and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 WEIS, Circuit Judge.
 
 
 1
 A discharged school district employee claims a denial of due process because he was not advised of his right to a hearing before the School Board. The district court found that the employee knew of this right and, therefore, could not recover damages simply because he lacked formal notice. We agree and also hold that a timely arbitration under the collective bargaining agreement in effect at the time of the discharge was a valid alternative to a Board hearing and satisfies due process requirements.
 
 
 2
 Plaintiff Pedersen's suit for damages against South Williamsport Area School District, its Board members and several employees, challenged his discharge on a variety of state and federal grounds, including defamation, abuse of process, breach of contract and lack of due process. The complaint alleged liability under 42 U.S.C. § 1983 and contained pendent state law claims as well. Most of the counts were dismissed before trial and the case was tried to a jury in the district court on the question of procedural due process. Based on the jury's answer to a special interrogatory that Pedersen knew of his right to a hearing, the district court entered judgment for the defendants.
 
 
 3
 Pedersen had been a maintenance employee of the School District for several years when, in November of 1979, it charged him with theft, unauthorized use of school property, insubordination and other derelictions. He was given notice of his alleged misconduct and was represented by a union official at a hearing before the School Superintendent on November 15, 1979. The Superintendent recommended Pedersen's discharge and, in an executive session on November 19, 1979, the Board voted to terminate his services.
 
 
 4
 Pedersen did not request a hearing before the Board. Instead, he requested his union, the American Federation of State, County and Municipal Employees, to grieve his discharge and ask for reinstatement. The procedures in the collective bargaining agreement were followed through to arbitration under the auspices of the American Arbitration Association. The arbitrator returned a finding against Pedersen in July of 1980.
 
 
 5
 In April of 1980, before the arbitration had been completed, Pedersen filed this suit in the United States District Court for the Middle District of Pennsylvania. Thereafter, in October of 1980, the Board held a hearing on Pedersen's discharge and reaffirmed its earlier action.
 
 
 6
 In winnowing out the various claims, the district court granted summary judgment for the defendants in some instances and dismissed other counts. At one point, the court believed that the grievance procedure did satisfy due process, but that the plaintiff should nevertheless be given the opportunity to present evidence on the reason the arbitration hearing was not held until July 1980. Henry Pedersen v. South Williamsport Area School District, No. 80-0404 (M.D.Pa. March 26, 1981). After the Supreme Court filed its opinion in Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981), however, the district court reconsidered its position and concluded that the arbitration proceeding, even if timely, did not meet due process requirements. Henry Pedersen v. South Williamsport Area School District, No. 80-0404 (M.D.Pa. May 4, 1981).
 
 
 7
 The case then proceeded to the liability stage of a bifurcated trial. The jury determined, by its answer to special interrogatories, that Pedersen knew about the statute entitling him to ask for a hearing before the School Board, but that he did not voluntarily give up that right. During the damages phase of the trial, a mistrial was granted on an evidentiary matter. The court then entered judgment for the defendants, finding that Pedersen did not ask for a hearing and, therefore, the Board was not required to conduct one. Since Pedersen was aware of his statutory rights, the court held, the Board had no obligation to give him formal notice.
 
 
 8
 Pedersen appeals the due process issue, contending that the court erred in disregarding the jury's finding that he did not voluntarily waive his hearing before the Board. He also challenges the court's declaration of a mistrial. The School Board cross-appeals the district court ruling that arbitration did not fulfill the requirements for due process.
 
 
 9
 The parties agree that Pedersen's employment by the School District was a property interest which could not be taken from him without due process. The pertinent provision of the Pennsylvania School Code provides:
 
 
 10
 "The Board of School Directors in any school district ... shall, after due notice, giving the reasons therefore, and after hearing if demanded, have the right at any time to remove any of its ... employees ... for incompetency, intemperance, neglect of duty, violation of any of the school laws ... or other improper conduct."
 
 
 11
 Pa.Stat.Ann. Tit. 24, § 5-514 (Purdon 1962). Pedersen had a pre-termination hearing before the Superintendent and at that time was advised of the charges against him. He also had notice that the Superintendent was recommending dismissal. It is therefore only the third requirement-a hearing before the Board-that plaintiff contends was denied him and for which he seeks recompense.
 
 
 12
 Implicit in the district court's decision, and not contested by the plaintiff, is that the statutory provision for a hearing before the Board meets federal due process standards.[1] We agree with the district court that Pedersen was not entitled to damages simply because there had not been a hearing before the School Board. The statute is clear on its face that a hearing must be demanded by the employee before the Board is under an obligation to provide one.
 
 
 13
 There is ample support for the jury's finding that Pedersen was aware of his right to present his case to the Board. Testimony established that his union representative advised him that he had a right to such a hearing, and his attorney did likewise. Pedersen chose instead to file a grievance and utilize the procedure set out in the collective bargaining agreement. In these circumstances, to hold that the Board is liable for damages because it did not give Pedersen formal notice of what he already knew would be indefensible.
 
 
 14
 The jury's finding that Pedersen did not voluntarily waive his right to appear before the Board is puzzling, and we agree with the district court that the finding is irrelevant. There is nothing to suggest that the Board in any way inhibited Pedersen from requesting a hearing. Since plaintiff did not establish an evidentiary basis for liability against the Board or its members, we will affirm the judgment of the district court.
 
 
 15
 We differ, however, with the district court's conclusion that the arbitration proceedings did not provide due process to plaintiff. In view of the importance of the matter, and its recurring nature, we believe it appropriate to discuss the issue. We have had the benefit of briefing and argument by the parties on the point.
 
 
 16
 A few years after the Pennsylvania School Code came into effect, the legislature enacted the Pennsylvania Public Employee Relations Act (PERA), Pa.Stat.Ann. tit. 43, § 1101.201 et seq. (Purdon 1981). This statute permits collective bargaining between public agencies and their employees and provides that "(a)rbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory." Id. at § 1101.903. The Pennsylvania Supreme Court has construed this statute, together with the School Code's hearing provision, in Board of Education v. Philadelphia Federation of Teachers, 464 Pa. 92, 346 A.2d 35 (1975). In that case, the court held that § 5-514 of the School Code does not preclude a school district from arbitrating grievances arising out of the discharge of a non-tenured teacher. Justice Roberts wrote, "The General Assembly, far from forbidding arbitration of disputes arising out of a collective bargaining agreement, expressly commands it in section 903 of the PERA ..." 346 A.2d at 39. The court pointed out that, because of the possibility of bias on the part of the school board, arbitration offers employees the advantage of a more impartial adjudicator.
 
 
 17
 In the context of a discharge dispute, the state court interpreted "just cause" under the collective bargaining agreement as being either co-extensive with the statutory grounds or, if less restrictive, as acceptable to the employee in exchange for the procedural advantages of arbitration. In either event, arbitration is not an impermissible infringement on the Board's responsibility and powers.
 
 
 18
 In Pittsburgh Joint Collective Bargaining Committee v. Pittsburgh, 481 Pa. 66, 391 A.2d 1318 (1978), the court again approved arbitration as a means of promoting "harmonious relationships between the public employer and employee." 391 A.2d at 1322. Indeed, the court emphasized that grievance arbitration "is even more supportive of a favorable employment climate where (it) arises from the good faith bargaining of the parties rather than being required by statute." Id. State law, therefore, establishes that arbitration in cases similar to the one at hand is the preferred method of resolution.
 
 
 19
 The plaintiff, however, while relying upon state law to establish his property right, looks to federal law to define procedural due process. In Logan v. Zimmerman Brush Co., --- U.S. ----, 102 S.Ct. 1148, 71 L.Ed.2d ---- (1982), the United States Supreme Court observed that while a state may have specified procedures that it deems adequate, minimum due process standards are a matter of federal law. If a hearing is required, its timing and nature will depend on an appropriate accommodation of competing interests, including the importance of the private concern, the finality of deprivation, and the likelihood of governmental error. See Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).
 
 
 20
 Since all of these factors are implicated here, some type of hearing is unquestionably required. There is no dispute that a post-termination proceeding would be proper in the circumstances and should have been held within a reasonable time. What is at issue is whether arbitration meets constitutional minimum requirements. In this connection, the Supreme Court in Logan said that what the Fourteenth Amendment does require is an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case. Logan v. Zimmerman Brush Co., --- U.S. at ----, 102 S.Ct. at 1157.
 
 
 21
 As the district court's opinion of March 26, 1981, points out, proceedings before the impartial arbitrator enabled Pedersen to confront and cross-examine the witnesses against him, as well as offer evidence on his own behalf. In addition, the arbitrator submitted a written report, giving his conclusions and the supporting evidence. Although Pedersen later complained that he received short notice of the hearing date, the union representative failed to request a postponement, and his lawyer was unable to attend, plaintiff did not contend that any of these alleged deficiencies were caused by the defendants.
 
 
 22
 Except for the unexplained delay in scheduling the arbitration hearing, the court would have granted summary judgment at that time on the due process issue. As the court reasoned, either the remedy of a hearing before the Board as provided by § 5-514, or the arbitrator's hearing, sufficed to meet Fourteenth Amendment standards.
 
 
 23
 In view of Barrentine, however, the district judge reconsidered his decision. Barrentine held that an employee, whose overtime payment grievance was denied in a collective bargaining arbitration proceeding, was nevertheless free to bring suit on the same facts in federal court under the Fair Labor Standards Act. The Court said that the substantive rights granted employees under the Act were not waivable, could not be abridged by a collective bargaining agreement, and were intended by Congress to be brought in court. Moreover, because of the technical nature of the statute, non-lawyer arbitrators might not be competent to decide the legal questions presented in such disputes. Finally, the court noted that a union representing an individual might be required, out of interest for its membership at large, to sacrifice the individual's rights under the statute.
 
 
 24
 The considerations underlying Barrentine are substantially different than those present in the case at bar. Here the rights at stake are procedural, not substantive.[2] They are waivable and there is no Congressional policy requiring state employment controversies to be resolved in a judicial forum. The issues in a discharge dispute are neither technical nor complex and are resolved in numerous arbitration cases annually.
 
 
 25
 Although employees in private industry are not entitled to Fourteenth Amendment due process rights, it is noteworthy that most of the discharges by companies where unions represent employees are resolved by arbitration. Indeed, it is the expressed national policy to encourage extra-judicial remedies in controversies of that nature. See Steelworkers v. Warrior & Gulf Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).
 
 
 26
 Pennsylvania has adopted arbitration as its preferred dispute resolution method for governmental subdivisions and their employees. To apply Barrentine's holding to this case would require us to declare the Pennsylvania Public Employee Relations Act unconstitutional. Although we are not bound by a state's provisions on due process, we should not lightly override a policy adopted by its legislature and approved by its supreme court. The test is not whether the federal court could design a better scheme, but whether the state's procedures cross the threshold of minimum guarantees. Rennie v. Klein, 653 F.2d 836, 849 (3d Cir.) (in banc ), cert. pending, --- U.S. ----, 102 S.Ct. 631, 70 L.Ed.2d 612 (1981).
 
 
 27
 The district court was concerned that one of the Barrentine considerations-that the union might sacrifice the interest of an individual member for that of the group-could also affect arbitration under PERA. Such a conflict is not present here, and we are not convinced that the remote chance that one might exist at some time is enough to make the Pennsylvania procedure unconstitutional. If a claimant feels that his interests might be jeopardized by conflicting union obligations, he can choose a Board hearing instead of arbitration.
 
 
 28
 Possible internal union conflict was only one of the many factors listed in Barrentine, and it is noteworthy that this potential weakness has not prevented arbitration from gaining widespread acceptance in private industry. From the standpoint of the employee, a job is equally important whether the employer is a governmental entity or otherwise, and the loss is equally serious. The widespread use of arbitration in the private sector furnishes some idea of what many people regard as a fair method of resolving a dispute. Essentially, fundamental fairness is what due process means. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
 
 
 29
 We are convinced that the district court's initial impression was correct and that it later gave an interpretation to Barrentine not intended by the Supreme Court. As we read that opinion, the Court excluded arbitration only when a narrow class of specific substantive rights were at stake. Those circumstances are not present here and we are persuaded that arbitration under PERA satisfies procedural due process.
 
 
 30
 Accordingly, the judgment of the district court will be affirmed.
 
 
 
 [1]
 The district court also found that the hearing held by the School Board in October of 1980, six months after this suit was commenced, was untimely and tainted by the fact that the members were defendants in this civil rights proceeding. Further, one of the Board members had preferred criminal charges against Pedersen. We need not discuss these issues in view of our disposition of the case, nor do we decide whether a hearing to "moot-out" the lawsuit is ineffective to satisfy the claim of due process denial. Cf. Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Wilson v. Taylor, 658 F.2d 1021, 1031-34 (5th Cir. 1981); DiLuigi v. Kafkalas, 584 F.2d 22, 27 n.7 (3d Cir. 1978), cert. denied, 440 U.S. 959, 99 S.Ct. 1500, 59 L.Ed.2d 772 (1979)
 
 
 [2]
 We discuss only the procedural phases of Barrentine because its res judicata aspects are not pertinent here