Henry Pedersen, Appellant *v.* South Williamsport
Area School District, Appellee.

Argued November 17, 1983, before Judges CRAIG,
DOYLE and BARBIERI, sitting as a panel of three.

*Clifford A. Rieders, Murphy, Mussina, Harris,
Travis, Rieders & Humphrey,* for appellant.

*John R. Bonner, Casale & Bonner, P.C.,* for appellee.

OPINION BY JUDGE DOYLE, February 14, 1984:

Appellant, Henry Pedersen, appeals the order of the Lycoming County Court of Common Pleas which dismissed Appellant's appeal of his discharge from employment by the South Williamsport Area School District (School District).

Appellant was discharged from his position as a maintenance worker with the School District on charges of theft, unauthorized use of School District property, and insubordination. Pursuant to his union's collective bargaining agreement with the School District, Appellant filed a grievance which ultimately resulted in a binding arbitration award favorable to the School District.

Thereafter, Appellant filed two actions in the United States District Court for the Middle District of Pennsylvania, both of which have since been dismissed.[1] A hearing was then held pursuant to the Public School Code of 1949,[2] and the Board of School Directors of the School District upheld Appellant's discharge. Appellant appealed the decision of the Board of School Directors to the common pleas court pursuant to the Local Agency Law.[3] The School District filed a motion to strike the appeal, which was granted by the court on January 21, 1983. Appellant's exceptions to this order were denied on February 15,

---

[1] The first action, alleging breach of the union's duty of fair representation, was dismissed by the District Court and refiled in the Lycoming County Court of Common Pleas. That court dismissed the action on June 16, 1982. The second action, alleging wrongful termination and deprivation of civil rights, was also dismissed by the District Court, whose decision was affirmed on appeal. *Pedersen v. South Williamsport Area School District*, 677 F.2d 312 (3rd Cir. 1982), *cert. denied* —— U.S. ——, 103 S.Ct. 305 (1982).

[2] Act of March 10, 1949, P.L. 30 *as amended*, 24 P.S. §§1-101 to 27-2702.

[3] 2 Pa. C. S. §§551-555, 751-754.

1983, and on March 4, 1983, Appellant filed his present appeal to this Court.

Initially before us is the School District's motion to quash for Appellant's failure to timely file this appeal. The record in this case indicates that the present appeal was filed seventeen days after the court's order denying exceptions, but forty-two days after the original order of January 21, 1983, granting the motion to strike. The School District contends that since the filing of exceptions was not proper in an appeal from a local agency decision, the present appeal should have been filed within thirty days of the original order granting the motion to strike.[4] We agree.

Neither the Local Agency Law nor the Pennsylvania Rules of Civil Procedure provide for the filing of exceptions in appeals from local agency decisions. Appellant urges that it was proper to follow procedure in equity, including the filing of exceptions, because the court was exercising its equitable powers by striking the appeal rather than affirming the agency's decision. The Rules of Civil Procedure authorize the filing of exceptions in equity actions, but only with respect to an adjudication, containing findings of fact and conclusions of law.[5] Here there was no such adjudication. The court of common pleas neither heard testimony nor made findings of fact, but rather filed an opinion and order on the basis of the record certified by the agency.[6] Regardless of the nature of the court's order, therefore, it is clear that the court was

---

[4] A notice of appeal must be filed within thirty days of the entry of the order from which the appeal is taken. Pa. R.A.P. 903(a).

[5] Pa. R.C.P. Nos. 1517, 1518.

[6] Where there has been a complete record made of the proceedings before the local agency, the court does not hear the appeal de novo, but rather hears the appeal on the record certified by the agency. Section 754 of the Local Agency Law, 2 Pa. C. S. §754.

exercising *appellate* review of the agency's decision. In such a context, exceptions were not proper, and will be treated as a petition for reconsideration, which does not stay the appeal period. *See Erie Human Relations Commission v. Erie Insurance Exchange,* 304 Pa. Superior Ct. 172, 450 A.2d 157 (1982). Because the Appellant did not file his appeal within thirty days of the court's granting of the motion to strike, the present appeal is untimely.

Accordingly, Appellant's appeal is quashed.

ORDER

Now, February 14, 1984, Appellee's Motion to Quash the appeal in the above referenced matter is granted, and the appeal is hereby quashed.