591 A.2d 331

**James E. WORTMAN, Appellant,**

v.

**PHILADELPHIA COMMISSION ON HUMAN RELATIONS, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1990.

Decided May 10, 1991.

618

Sharon M. Dietrich, Philadelphia, for appellant.

Susan Shinkman, Divisional Deputy City Sol., for appellee.

Before SMITH and BYER, JJ., and BARRY, Senior Judge.

SMITH, Judge:

On May 18, 1988, James E. Wortman filed a complaint with the Philadelphia Commission on Human Relations (Commission) alleging that he had been discharged from employment because of his sexual orientation in violation of the Philadelphia Fair Practices Ordinance (Ordinance), Chapter 9–1100 of The Philadelphia Code. Following an investigation, the Commission informed Wortman by letter dated September 15, 1989 that his complaint would be dismissed as unsubstantiated pursuant to Section 9–1107 of the Ordinance. Wortman thereafter appealed to the Court of Common Pleas of Philadelphia County which quashed the appeal finding that an appeal of the Commission's decision was not permitted under Section 9–1107(3) of the Ordinance, and further, that Wortman failed to exhaust his administrative remedies. Wortman thereupon appealed to this Court.

Section 9–1107(3) provides:

If it shall be determined after such investigation that there is no basis for the allegations of the complaint, the Commission shall within ten (10) days from such determination, cause to be issued and served upon the complainant written notice of such determination. The notices [sic] shall also state that the complaint will be dismissed unless within ten (10) days after such service the complainant or his attorney file, with the Commission, a request for a review hearing. The Commission shall upon request for such a hearing provide the complainant and his attorney, if any, an opportunity to appear before the Commission, a member thereof, or a staff representative of the Commission, at the election of the Commission[,] to present such additional information as may be available to support the allegations of the complaint. If after such a hearing the Commission or its representative determine that there is no basis for the allegation *the complaint shall be dismissed and there shall be no appeal from such a decision.* (Emphasis added.)

Notwithstanding the definiteness of the language of Section 9–1107(3), Wortman argues that an appeal may be taken from the Commission's dismissal of his complaint pursuant to the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754. Section 752 of the Local Agency Law provides in pertinent part: "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals...."

Section 751(a) of the Local Agency Law provides:

**General rule.**—Except as provided in subsection (b) [concerning consistency with the appellate procedure set forth in the relevant statute], this subchapter shall apply to all local agencies *regardless of the fact that a statute expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review.* (Emphasis added.)

It is clear that an appeal may be made from a local human relations commission adjudication pursuant to the Local Agency Law. *See Erie Human Relations Commission ex rel. Dunson v. Erie Insurance Exchange,* 465 Pa. 240, 348 A.2d 742 (1975). It is further clear that the language of Section 751(a) is unambiguous: that regardless of whether the applicable ordinance or statute prohibits an appeal, the provisions of the subchapter of the Local Agency Law set forth at 2 Pa.C.S. §§ 751–754 shall apply, including Section 752 which permits appeals from adjudications of local agencies. The trial court therefore erred by quashing Wortman's appeal on the basis that it was prohibited by Section 9–1107(3) of the Ordinance.

The Commission argues before this Court, however, not that the Local Agency Law cannot supersede Section 9–1107(3) of the Ordinance, but that the Commission's decision is not an "adjudication" and therefore Section 752 of the Local Agency Law is inapplicable. Specifically, the Commission contends that an adjudication occurs only when the Commission issues an order pursuant to other sections of the Ordinance, where action is taken after the Commission determines that probable cause exists to support a complainant's allegations. When the Commission determines that a charge is unsubstantiated, even after hearing, an adjudication has not occurred according to the Commission's rationale.

An administrative adjudication is defined at 2 Pa. C.S. § 101 as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." When an agency's decision or refusal to act leaves a complainant with no other forum in which to assert his or her rights, privileges, or immunities, the agency's act is an adjudication. *See Baker v. Pennsylvania Human Relations Commission,* 507 Pa. 325, 489 A.2d 1354 (1985). A letter from an agency may qualify as an adjudication so long as the letter is the

agency's final order, decree, decision, determination, or ruling and such decision impacts on a person's personal or property rights, privileges, immunities, duties, liabilities, or obligations. *Guthrie v. Borough of Wilkinsburg*, 505 Pa. 249, 478 A.2d 1279 (1984).

■ In the present action, the right to be free from employment discrimination on the basis of sexual orientation in the City of Philadelphia is secured by the Ordinance, and such right is to be enforced by or through the Commission pursuant to the Ordinance. The Commission's dismissal of Wortman's complaint as unsubstantiated therefore constitutes an adjudication because it represents the Commission's final decision impacting on Wortman's rights under the Ordinance. Wortman, consequently, has no other remedy or forum for the enforcement of his rights under the Ordinance.[1]

■ There remains, however, the related questions of whether the Commission's adjudication was valid and whether Wortman exhausted his administrative remedies before proceeding on appeal. An adjudication shall not be valid against any party unless he or she is afforded reasonable notice of a hearing and an opportunity to be heard. Section 504 of the Local Agency Law, 2 Pa.C.S. § 504; *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981). The Commission's letter to Wortman purportedly apprised Wortman of the availability of a hearing pursuant to Section 9–1107(3) of the Ordinance, and if the letter so provides, Wortman was afforded an opportuni-

1. By contrast, the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951–962.2, provides for concurrent jurisdiction between the Human Relations Commission and the court of common pleas. A decision by the Human Relations Commission not to proceed with a complainant's complaint of discrimination does not preclude the complainant from pressing his or her claim in the court of common pleas; and therefore the Human Relations Commission's decision is not an adjudication because the complainant's right to be free from discrimination is not finally affected. *Baker.*

ty to be heard, making valid the Commission's adjudication.[2] *See Kohl v. Rice Township Board of Supervisors,* 118 Pa.Commonwealth Ct. 509, 545 A.2d 480 (1988) (a police department letter finally deciding employment rights must include information concerning a right to a hearing to qualify as a valid adjudication).

At any rate, it is clear that the hearing provided by Section 9–1107(3) and purportedly offered to Wortman in the Commission's letter did not occur; and the trial court deemed the absence of this hearing to be a sufficient alternative ground for quashing Wortman's appeal. The trial court, however, received no evidence on this issue and disposed of the case solely on the legal issues presented in the Commission's motion to quash. The trial court determined that Wortman had not exhausted his administrative remedies undoubtedly on the basis that Wortman stated, without elaboration as to why, in his brief opposing the motion to quash that the hearing contemplated by Section 9–1107(3) never took place.

The record is silent as to whether Wortman requested a hearing pursuant to Section 9–1107(3). In his brief before this Court, however, Wortman states that he *did* request a hearing, but that the Commission refused to grant him one. The Commission's brief neither confirms nor denies this statement, arguing only that an adjudication contemplated by other sections of the Ordinance never occurred, and therefore Wortman has no right to an appeal. At oral argument on this matter, however, the attorney for the Commission suggested that because of the huge volume of complaints filed under the Ordinance it would be impossible to grant a hearing for every case.

**2.** The letter from the Commission to Wortman setting forth its determination that Wortman's complaint had been found unsubstantiated was not made a part of the official record, which consisted only of the motion to quash, the answer thereto, and related papers filed with the trial court, together with the trial court's order and opinion. A purported copy of the letter is attached to Wortman's brief before this Court. The letter sets forth the text of Section 9–1107(3), which provides for a hearing after a dismissal of a complaint as unsubstantiated if timely requested.

██ The record does not therefore provide a sufficient account of the facts to make the appropriate disposition on the issue of exhaustion of administrative remedies or indeed on the issue of whether the Commission's adjudication is valid (as the letter would seem to indicate). Because of these outstanding issues and Wortman's unrefuted allegations concerning his request for a hearing and the Commission's complete failure to address the issue, this Court deems it appropriate to remand this case for the trial court to take evidence on the issues of the validity of the Commission's adjudication and the exhaustion of administrative remedies. The order of the trial court shall therefore be reversed and this matter remanded for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 10th day of May, 1991, the order of the Court of Common Pleas of Philadelphia County quashing the appeal of James E. Wortman is hereby reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

BYER, Judge, concurring.

I concur in the result. The September 15, 1989 letter cannot be construed as an adjudication, because section 9–1107(3) of the ordinance provides for further review at the local agency level.

If the commission failed to grant Wortman his right to further review after a proper request under the ordinance, then Wortman's remedy would be a civil action-mandamus to compel the commission to comply with its duties under the ordinance.[1]

If Wortman failed to make a proper request for further review, then he has failed to exhaust the administrative

---

1. *See Gorton v. State Civil Service Commission*, 35 Pa.Commonwealth Ct. 319, 385 A.2d 1026 (1977); *O'Peil v. State Civil Service Commission*, 13 Pa.Commonwealth Ct. 470, 320 A.2d 461 (1974).

procedures necessary in order to obtain an adjudication appealable under the local agency law, and the court of common pleas should quash the appeal.

The problem is that the record on appeal is unclear with respect to precisely what transpired. Therefore, I agree that we should remand the case to the trial court for further proceedings.

If the trial court determines on remand that Wortman failed to make a proper request for further review under section 9–1107(3), it should quash the appeal. However, if the trial court determines that Wortman made a proper request for further review, but that the commission has failed to comply with its duty, then the trial court, pursuant to 42 Pa.C.S. § 708(b),[2] should treat the appeal as if it were a complaint in a civil action-mandamus and enter judgment compelling the commission to comply with its duty under section 9–1107(3) of the ordinance.

**2.** 42 Pa.C.S. § 708(b) provides:

If an appeal is improvidently taken to a court under any provision of law from the determination of a government unit where the proper mode of relief is an action in the nature of ... mandamus ..., this alone shall not be a ground for dismissal, but the papers whereon the appeal was taken shall be regarded and acted on as a complaint or other proper process commenced against the government unit ... as if filed at the time the appeal was taken.