IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Appeal of:  Alson Alston  :  No. 1219 C.D. 2021
            :  Submitted:  August 26, 2022


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                    FILED:  September 11, 2023


Alson Alston (Alston) appeals *pro se* from the order of the Philadelphia County Court of Common Pleas (trial court) that quashed his appeal of a decision of the Philadelphia Commission on Human Relations (PCHR) for lack of jurisdiction. Because Alston's statutory appeal to the trial court did not involve a final adjudication and was untimely, we affirm the trial court's order.

The relevant background was summarized by the trial court as follows.[1] Alston, through an entity, Osiris General Property Group, LLC (Osiris), sought to enter into a commercial lease to operate a food service business out of Ohio House, an historic building located in Fairmount Park in Philadelphia, that was operated by the Fairmount Park Conservancy (FPC).  Trial Court Opinion, 2/9/22, at 2.  The FPC is an independent non-profit organization created by the Philadelphia City Council that oversees and operates parks and open spaces in Philadelphia.  *Id.*  Because of the terms of the loan that Osiris apparently secured for the project, it sought an expedited commitment from the FPC.  *Id.*  After Osiris submitted its proposal to the

---

[1] The trial court noted that Alston's notice of appeal to the trial court did not contain any factual background.  The trial court considered the pertinent facts taken from Alston's answer to preliminary objections and his response to the PCHR's motion to quash, in order to give Alston "the benefit of the doubt."  Trial Court Opinion, 2/9/22, at 2.

FPC, Alston, on behalf of Osiris, repeatedly contacted various FPC staff and board members seeking updates. The FPC ultimately rejected the Osiris proposal, citing Alston's "lack of patience" with the FPC as one of its reasons. *Id. See also* Reproduced Record (R.R.) at 30a. The FPC stated in its written denial that Alston's lack of patience with the FPC "give[s] [the FPC] considerable pause, as [it does] not bode well for a successful landlord/tenant relationship." R.R. at 30a.

On May 30, 2019, Alston filed a complaint with the PCHR, averring that the "lack of patience" explanation given by the FPC was merely a pretext, and that "the real reason the FPC denied the proposal was race-related" in violation of the Philadelphia Fair Practices Ordinance (Ordinance).[2] Trial Court Opinion at 3. On December 18, 2020, the PCHR provided written notice to Alston that it was closing its file on his complaint because the charge was not substantiated (PCHR Dismissal).[3] *Id.*

As the trial court noted, the PCHR specifically indicated its finding was "'Charge Not Substantiated,'" which means that the PCHR was

> unable to conclude that the information obtained through [its] investigation establishes a violation of the [Ordinance]. This does not certify that the [FPC] is in compliance with the [Ordinance]. No finding is made as

---

[2] Philadelphia, PA, Code, §§9-1101–9-1133 (12th ed. 2020). Section 9-1101(1)(e) of the Ordinance provides, in relevant part, that the general purpose of the Ordinance is to assure that all persons, "regardless of race, ethnicity, color" or other protected categories, may enjoy "the full benefits of citizenship and are afforded equal opportunities for employment, housing and use of public accommodation facilities." Section 9-1108(1) of the Ordinance provides that "[i]t shall be unlawful housing and real property practice to deny or interfere with the housing accommodation, commercial property or other real property opportunities of an individual or otherwise discriminate based on his or her race, ethnicity, color" or other protected categories.

[3] PCHR's "Dismissal and Notice of Rights" is dated December 18, 2020, but it was signed on behalf of the PCHR on December 24, 2020. *See* R.R. at 100a. To avoid confusion, we will use the December 18, 2020 date to refer to the PCHR Dismissal.

to any other issues that might be construed as having been raised by this complaint.

Trial Court Opinion at 3; *see also* R.R. at 100a (emphasis omitted).

Alston timely sought reconsideration of the PCHR Dismissal, which the PCHR denied in a letter dated April 7, 2021 (PCHR Reconsideration Denial). Trial Court Opinion at 3. *See also* R.R. at 98a. In its Reconsideration Denial, the PCHR stated, in relevant part:

> On Monday, March 8, 2021, this agency received your emailed reconsideration request dated February 26, 2020. In your email, you present the PCHR with a list of requests pertaining to the investigation.
>
> On December 18, 2020, a panel of [PCHR] Commissioners voted to close your case as "Cause Not Substantiated." This means, based on the evidence received, [the] PCHR was unable to conclude that the information obtained established a violation of the [Ordinance].
>
> Your request for reconsideration of February 26, 2020 while timely, did not contain **new or unconsidered evidence** relevant to our case.
>
> * * *
>
> In light of the above, no changes will be made regarding the closing of your case. You are still entitled to file a private action against [the FPC] in state court. You have two years from the date of the closing to do so (in this case, from the date you received your notice of closure) should you decide to exercise your rights in this manner.

R.R. at 98a (emphasis in original); *see also* Trial Court Opinion at 3.

On May 12, 2021, Alston appealed the PCHR's Dismissal to the trial court. Trial Court Opinion at 4. The FPC filed a petition to intervene, which the trial court granted. The FPC filed preliminary objections, which the trial court

3

dismissed without prejudice as procedurally improper. *Id.* The City of Philadelphia (City) filed a motion to quash Alston's appeal from the PCHR Dismissal. *Id.* The City argued that the trial court lacked jurisdiction over Alston's appeal because the PCHR Dismissal was not a final adjudication under the Local Agency Law,[4] and that Alston's appeal was untimely because the statutory appeal period was not tolled by Alston's request for reconsideration, which was denied. R.R. at 139a-44a. On September 30, 2021, following review of the City's motion and Alston's response, the trial court issued an order granting the City's motion to quash, and dismissed Alston's appeal.[5] Alston then filed the instant appeal of the trial court's order.

In the Pa.R.A.P. 1925(a) opinion filed in support of its order, the trial court considered four arguments as to whether Alston's appeal should be quashed. First, the trial court concluded that Alston's appeal from the PCHR Dismissal was not permitted under Section 752 of the Local Agency Law, 2 Pa. C.S. §752, because the PCHR dismissal was not an "adjudication of a local agency," citing *Wortman v. Philadelphia Commission on Human Relations*, 591 A.2d 331, 332 (Pa. Cmwlth. 1991). Trial Court Opinion at 4. The trial court reasoned that an administrative adjudication, as defined in Section 101 of the Administrative Agency Law, 2 Pa. C.S. §101, is "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all parties to the proceeding in which the

---

[4] Local Agency Law, 2 Pa. C.S. §§551-555, 751-754.

[5] As indicated, the trial court granted the PCHR's motion to quash and dismissed Alston's appeal in an order dated September 30, 2021, which was docketed on October 1, 2021, at which time notice of the order was given to the parties. *See* Original Record at Items 18 and 23. Pursuant to Pa. R.A.P. 301(a), the effective date of the order is when it was entered on the docket. *City of Philadelphia v. Frempong*, 865 A.2d 314, 315 n.1 (Pa. Cmwlth. 2005). Therefore, we consider the trial court's order to have been entered on October 1, 2021.

adjudication is made." The trial court further cited *Wortman*, 591 A.2d at 333, for the proposition that "[w]hen an agency's decision or refusal to act leaves a complainant no other forum in which to assert his or her rights, privileges, or immunities, the agency's act is an adjudication." *Id.*

In addition, the trial court concluded, again citing *Wortman*, 591 A.2d at 333 n.1, that

> [w]here there is concurrent jurisdiction, however, between an agency and the court of common pleas, and a decision by the agency not to proceed with a complaint does not preclude the complainant from pressing a claim in the court of common pleas, the decision of the agency is not an adjudication.

Trial Court Opinion at 4-5. The trial court reviewed Section 9-1122 of the Ordinance and determined that it now "provides for a private right of action in the court of common pleas if the [PCHR] has dismissed a complaint or failed to act on a complaint." *Id.* at 5. The trial court concluded that "based on the plain language of the [Ordinance], which establishes concurrent jurisdiction, and provides [] Alston with a private right of action in the court of common pleas, the [PCHR's Dismissal] was not a final adjudication." *Id.* Therefore, the trial court concluded that it did not have jurisdiction over Alston's appeal, granted the PCHR's motion to quash, and dismissed Alston's appeal. *Id.*

The trial court further concluded that it lacked jurisdiction over Alston's appeal because his appeal was untimely. The trial court reviewed Section 5571(b) of the Judicial Code, 42 Pa. C.S. §5571(b), which provides that "an appeal from a decision of an administrative agency must be filed in the court of common pleas within 30 days." Trial Court Opinion at 5. Because Alston appealed the PCHR's Dismissal to the trial court "well beyond the 30-day appeal period," the trial

5

court determined that his appeal was untimely. Contrary to Alston's argument, the trial court concluded that "the filing of a motion for reconsideration has no effect on the appeal period," citing in support *City of Philadelphia v. Frempong*, 865 A.2d 314, 318 (Pa. Cmwlth. 2005). Trial Court Opinion at 6.

The trial court further concluded that Alston lacked standing to appeal from the PCHR Dismissal because Osiris, rather than Alston, was a party to the proceedings before the PCHR. Trial Court Opinion at 6. The trial court also concluded that Alston, who is not an attorney, was not permitted to represent Osiris before the PCHR. The trial court determined that Alston, who purported to appeal the PCHR Dismissal on behalf of Osiris, did not have the authority to proceed on that basis. *Id.* at 6-7.

On appeal,[6] Alston argues that the trial court's conclusion that it lacked jurisdiction over his appeal was in error or an abuse of discretion, and he urges this Court to reverse the trial court's order or, in the alternative, to remand this matter to the trial court to order that the PCHR conduct a full agency hearing on his discrimination complaint.

As to whether the PCHR Dismissal was an adjudication, Alston argues that the trial court erred in applying *Wortman* because the PCHR Dismissal was a final order, from which the appellant had "no other remedy or forum for the enforcement of his rights under the Ordinance." *Wortman*, 591 A.2d at 333. The City and the FPC respond that the Ordinance in effect at the time of Alston's appeal,

---

[6] Our Court's standard of review of a trial court's order granting a motion to quash an appeal is limited to determining whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights. *Gates v. City of Pittsburgh Historic Review Commission*, 254 A.3d 803, 808 n.6 (Pa. Cmwlth. 2021).

6

specifically Section 9-1122 of the Ordinance, provides for a private right of action if the PCHR dismisses the complaint or fails to act on the complaint within one year.

To analyze this issue, we first turn to the Ordinance. Section 9-1122(1) of the Ordinance, entitled "Private Right of Action," states in relevant part:

> If a complainant invokes the procedures set forth in this Chapter [(the Ordinance)], that person's right of action in the courts of the Commonwealth shall not be foreclosed. If within one [] year after the filing of the complaint with the [PCHR], the [PCHR] dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the [PCHR] must so notify the complainant. On receipt of such a notice the complainant may bring an action in the [trial court] based on the right to freedom from discrimination granted by this Chapter [(the Ordinance)].

Section 9-1122(2) of the Ordinance further provides that an action must be filed with the trial court "within two years after the date of notice from the [PCHR] closing the case."

Here, the PCHR notified Alston that it was "closing its file on this complaint" because the charge was "Not Substantiated" in the PCHR Dismissal dated December 18, 2020. R.R. at 100a. Based on the plain language of Section 9-1122(1) of the Ordinance in effect when Alston filed his discrimination complaint with the PCHR, Alston had the right to pursue a private cause of action in the trial court within the two years following the PCHR Dismissal. Because Alston had an alternative forum to seek redress on his discrimination claim, namely, the filing of a private cause of action with the trial court, the PCHR Dismissal was not an "adjudication" from which Alston could appeal.

In *Baker v. Pennsylvania Human Relations Commission*, 489 A.2d 1354, 1357 (Pa. 1985), our Supreme Court considered whether a finding of "no

7

probable cause" by the Pennsylvania Human Relations Commission for a discrimination complaint filed by the appellee was an adjudication under Section 101 of the Administrative Agency Law, and concluded that it was not. The Supreme Court held that because the appellee retained the remedy to "vindicate the right in court" under Section 12(c) of the Pennsylvania Human Relations Act,[7] the Pennsylvania Human Relations Commission's "order finding a complaint lacks probable cause for further agency action is not an 'adjudication' under [Section] 101." *Baker*, 489 A.2d at 1357-58. *See also Ruiz v. Attorney General of Pennsylvania*, 789 A.2d 372 (Pa. Cmwlth. 2001) (holding that the decision of the Attorney General declining to intervene in a criminal matter in Berks County was not an adjudication under Section 101 because it did not dispose of the case or have an effect on the appellant's personal or property rights).

We acknowledge Alston's argument that *Wortman* compels a different result, but Alston's reliance on *Wortman* is misplaced. In *Wortman*, 591 A.2d at 332, our Court considered a discrimination complaint filed with the PCHR in 1988. After investigation, the PCHR notified the appellant that his complaint would be dismissed as unsubstantiated pursuant to Section 9-1107(3) of the Ordinance. *Id.* Section 9-1107(3) of the Ordinance in effect at that time provided that a complainant whose complaint was dismissed as unsubstantiated had the right to request a review hearing before the PCHR to present additional information to support the allegations of the complaint, and if, after hearing, the PCHR determined that the complaint was unsubstantiated, "*the complaint shall be dismissed and there shall be no appeal from such a decision.*" *Id.* (emphasis in original). The Court held that because the Ordinance provided "no other remedy or forum for the enforcement of his rights

---

[7] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §962(c).

8

under the Ordinance," the PCHR's dismissal was an adjudication under the Local Agency Law that could be appealed to the trial court. *Id.* at 333. The Court reversed and remanded the matter to the trial court, however, because the record failed to provide a sufficient account of whether the appellant requested and was denied a hearing under Section 9-1107(3) of the Ordinance then in effect. *Id.* at 334.

As our review of *Wortman* makes clear, the Court's determination that the PCHR's dismissal was an adjudication was based on Section 9-1107(3) of the Ordinance in effect at the time, which provided that dismissal of a complaint as unsubstantiated was a final order without the right to seek redress from the trial court. In contrast, here, Section 9-1122(1) of the Ordinance, added in 1990, now provides a private right of action to seek redress from the trial court to a complainant whose complaint was dismissed as unsubstantiated. Alston was notified that he was "still entitled to file a private action against the [FPC] in state court" within two years of the closing date should he "decide to exercise [his] rights in this manner." R.R. at 98a. We further note that the Ordinance now in effect provides that the PCHR may, in its discretion, provide for a public hearing "after determining that probable cause exists for the allegations in the complaint," but the Ordinance provides no such right to a hearing on a charge dismissed as unsubstantiated. *See* Section 9-1117 of the Ordinance. Therefore, we must reject Alston's argument that the trial court erred by failing to correctly apply *Wortman* to this appeal. We further reject Alston's arguments urging us to remand this matter for a hearing before the PCHR, because the Ordinance provides no such right when the charge is dismissed as unsubstantiated.

We next turn to Alston's argument that his appeal was timely. Alston argues that although he did not appeal the PCHR Dismissal within 30 days, he timely

9

appealed the PCHR Reconsideration Denial to the trial court. Alston argues that his appeal of the PCHR Reconsideration Denial should be viewed to incorporate the earlier PCHR Dismissal, and the trial court erred by failing to review the merits of the PCHR Dismissal. Alston relies on Section 9-1119(1) of the Ordinance that provides "[a]ny party aggrieved by any order of the [PCHR] may appeal to any court of competent jurisdiction within (30) days after the mailing of notice of such order by the [PCHR] to the aggrieved party or the party's attorney." Alston argues that his appeal of the PCHR Reconsideration Denial is such an order, and that he timely appealed this order to the trial court.

The City and the FPC respond that Section 5571(b) of the Judicial Code provides, in relevant part, that "an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa. C.S. §5571(b). The City and the FPC further respond that a petition for reconsideration will not stay or extend the appeal period, citing *Frempong*, 865 A.2d at 318-19, *Whitaker v. Pennsylvania State Police*, 515 A.2d 347, 350 (Pa. Cmwlth. 1986), and *Pederson v. South Williamsport Area School District*, 471 A.2d 180, 182 (Pa. Cmwlth. 1984), among other cases.

We first note that "[t]he timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised by any party, [and] even by the Court on its own motion, at any stage of the proceedings. An untimely appeal must be quashed absent a showing of fraud or breakdown in the court's operation." *Frempong*, 865 A.2d at 317 (internal citations omitted). Alston did not aver that fraud or a breakdown in court operations caused his appeal to be untimely. Therefore, we must determine whether Alston's timely appeal from the PCHR Reconsideration Denial

10

gives the trial court jurisdiction over the PCHR Dismissal, and we conclude that it does not.

"[I]n general, the proceedings subsequent to a final judgment or decree do not toll the running of the statutory time within which an appeal must be taken." *In re Hanna's Estate*, 80 A.2d 740, 741 (Pa. 1951). It is also well established that an appellant's "appeal of an order denying reconsideration is not reviewable on appeal." *Frempong*, 865 A.2d at 318. *See also Pederson*, 471 A.2d at 182 (petition for reconsideration does not stay the appeal period) and *Brown v. Greene County Office of District Attorney*, 255 A.3d 673, 675 n.3 (Pa. Cmwlth.), *appeal denied*, 268 A.3d 1076 (Pa. 2021) ("A party's filing of a motion for reconsideration . . . does not stay the appeal period; the appeal period is only tolled where the trial court 'expressly grants the request for reconsideration.'") (internal citations omitted).

Here, neither the Ordinance nor the PCHR regulations[8] provide that a petition for reconsideration acts as a stay or otherwise tolls the appeal period. Although Section 9-1119(1) of the Ordinance provides that "[a]ny party aggrieved by any order of the PCHR may appeal to *any court of competent jurisdiction* within (30) days after the mailing of notice of such order," the trial court lacks jurisdiction over untimely appeals. *See Frempong*, 865 A.2d at 317 (emphasis added). Therefore, we discern no error in the trial court's determination that it lacked jurisdiction over Alston's untimely appeal from the PCHR Reconsideration Denial. *See Pederson*, 471 A.2d at 182; *Brown*, 255 A.3d at 675 n.3.[9]

---

[8] PCHR's regulations are found at https://www.phila.gov/media/20200508153825/PCHR-regulations.pdf (last visited 9/8/23).

[9] Based on our disposition, we will not reach the claims that Alston lacked standing, or that he was not permitted to represent Osiris before the PCHR.

11

Accordingly, we affirm the trial court's order granting the City's motion to quash and dismissing Alston's appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Appeal of:  Alson Alston        :  No. 1219 C.D. 2021

**PER CURIAM**

# **O R D E R**

AND NOW, this 11th day of September, 2023, the order of the Court of Common Pleas of Philadelphia County entered October 1, 2021, is AFFIRMED.