489 A.2d 1354

Timothy BAKER, Appellee,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA HUMAN RELATIONS COMMISSION, Appellant,

and

Commonwealth of Pennsylvania, Department of Public Welfare, Appellant-Intervenor.

Supreme Court of Pennsylvania.

Argued Oct. 23, 1984.

Decided April 3, 1985.

Michael Hardiman, Asst. Gen. Counsel, Bethlehem, for Human Rel. Comm.

Joel M. Ressler, Deputy Atty. Gen., Harrisburg, for Dept. of Public Welfare.

Thomas B. Schmidt, III, Stephen L. Grose, Harrisburg, for Timothy Baker.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

The Pennsylvania Human Relations Commission (Commission) and Pennsylvania Department of Public Welfare (Department), as intervenor, appeal by allowance an order of Commonwealth Court requiring the Commission to hold a hearing, if requested by appellee, on the question of whether there is probable cause to credit appellee's claim of employment discrimination against the Department. Without a hearing the Commission had reversed its determination that probable cause for enforcement existed and closed its case file after conciliation had failed. The Commission asserts Commonwealth Court erred in holding that its determination of no probable cause is an "adjudication" and as

such generally appealable. The Department asserts that requiring it to defend against appellee's claim both before the Commission as well as in a *de novo* action brought in Common Pleas exposes it to dual proceedings contrary to the statute. We hold that the Commission's decision not to pursue appellee's discrimination claim is the subject of a limited review in the nature of mandamus under Commonwealth Court's original jurisdiction,[1] on the peculiar facts of this case.[2] However, insofar as Commonwealth Court's order directs the Commission to hold a full evidentiary hearing on the issue of probable cause, it is disapproved as an order compelling the exercise of discretion in a particular way and is, to that extent, inappropriate in actions in the nature of mandamus. *Hotel Casey Co. v. Ross,* 343 Pa. 573, 583, 23 A.2d 737, 742 (1942) ("[Mandamus] will be used to compel but not to control the exercise of discretion"). Instead, we modify Commonwealth Court's remand order by limiting it to a direction that the Commission proceed to exercise its statutory discretion on whether to institute full administrative action to enforce this particular complaint, in accordance with the statute and its own rules and regulations. As so modified and limited we affirm Commonwealth Court.

The history of this case was adequately summarized by Commonwealth Court:

1. The case comes within Commonwealth Court's original jurisdiction on mandamus under 42 Pa.C.S. § 761 precisely because the Commission's order was not an "adjudication", although it finally ended proceedings before the Commission. *See Pa. Dept. of Aging v. Lindberg,* 503 Pa. 423, 430, n. 5, 469 A.2d 1012, 1016, n. 5 (1983); *O'Brien v. State Employee's Retirement System,* 503 Pa. 414, 469 A.2d 1008 (1983). Nevertheless, the review available on actions in the nature of mandamus addressed to Commonwealth Court's original jurisdiction, where the plaintiff seeks to compel action of an agency, is extremely limited. It is review by what was once known as "narrow certiorari." *See Man O'War Racing Assoc., Inc. v. State Horse Racing Commission,* 433 Pa. 432, 437, 250 A.2d 172, 174 (1969). For the reasons set forth later in this opinion the scope of review in this case is so limited.

2. On these facts we do not reach the Department's argument, noting only that the current version of the statute plainly provides complainants with a *de novo* judicial alternative if their complaint fails to receive the attention of a full and final administrative determination.

On October 21, 1974, DPW promoted Mr. Willie Johnson, a black individual, to Regional Commissioner for Youth Services, Southeastern Region. Dr. Baker [appellee in this case] responded by filing a complaint with the PHRC on October 24, 1974, alleging that DPW denied him, and others similarly situated, the regional position because of race,[3] in violation of section 5(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. § 955(a).

Dr. Baker amended his complaint on April 6, 1976, alleging that he had requested an interview for the position, that DPW ignored his request, that DPW failed to post the position, and that Mr. Johnson's appointment was part of DPW's continuing effort to create a predominantly black work force within the Youth Services Division of the Southeastern Region.

The PHRC staff investigated Dr. Baker's allegations and, after three and one-half years, dismissed his complaint on a finding of no probable cause. The PHRC informed Dr. Baker of its decision by letter dated April 28, 1978. Dr. Baker filed a timely Petition for Reconsideration on May 5, 1979; the PHRC approved that petition on February 25, 1980.

The PHRC staff again investigated Dr. Baker's allegations of racial discrimination and, by letter of July 15, 1981, Compliance Supervisor Stuart M. Gross informed DPW that probable cause existed to credit the allegations of the complaint. A five-page summary of the charge and findings of cause accompanied that preliminary recommendation. According to Mr. Gross' letter and his case-closing recommendation, the PHRC scheduled a conciliation meeting in the Philadelphia regional office; apparently, that meeting was not successful.

By letter of January 22, 1982, Dr. Baker received notice from Mr. Gross that he would rescind the staff finding of probable cause and submit a closing recommendation of no probable cause to PHRC headquarters—a revised con-

---

**3.** Dr. Baker is white.

clusion based upon the recommendation of Assistant General Counsel Claudette Spencer and the "previous legal memoes [sic] contained in the case file."

On April 26, 1982, the PHRC adopted a finding of no probable cause and, by letter of May 6, 1982, notified Dr. Baker of its decision to dismiss his complaint.

Dr. Baker did not file a second petition for reconsideration.[4]

75 Pa.Commonwealth Ct. at 299–300, 462 A.2d 881 at 883–84 (footnotes added).

■ Prior cases have dealt with determinations similar to a Pennsylvania Human Relations Commission order, refusing access to agency enforcement for lack of probable cause, in terms of finality. In those cases, however, the agency's refusal to act left a complainant with no other forum in which to assert his right. *See, e.g., O'Brien, supra* (denial of request for hearing is appealable); *Burgerhoff v. Commonwealth, Pennsylvania State Police,* 49 Pa.Commonwealth Ct. 49, 410 A.2d 395 (1980) (appeal allowed from letter denying benefits). When the agency's determination of "no probable cause" is an adjudication for the purposes of 2 Pa.C.S. § 702, granting judicial review of administrative "adjudications" by appeal, an analysis stressing finality is appropriate. Thus, those cases expressly or impliedly treat the order refusing agency enforcement as an "adjudication" under 2 Pa.C.S. § 101. With respect to this Commission's orders finding no probable cause, we do not believe that analysis is correct. 2 Pa.C.S. § 101 defines adjudication as follows:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights....

The Commission's refusal to make its facilities fully available to an individual does not "affect" his liberty or property interest in freedom from discrimination, unless the legislature intended to also grant him a personal or property

4. The Commission regulations do not allow such petitions when reconsideration has been previously granted for the same reasons. 16 Pa.Code § 42.62(b).

right to use the Commission's resources to vindicate his admitted right to freedom from discrimination in exercising either a liberty interest or enjoying a property interest.

■ We do not believe the legislature intended to allow every person who asserts discrimination the right to use the full investigative resources of the Commission. The denial of this particular remedy, which does not preclude a complainant from seeking to vindicate the right in court under Section 12(c) of the Human Relations Act, 43 P.S. § 962(c), does not affect that right to be free from discrimination nor require appellate review on a record developed after full hearing.[5] Therefore, a Commission order finding a complaint lacks probable cause for further agency action is not an "adjudication" under 2 Pa.C.S. § 101 and the remedy of appeal under 2 Pa.C.S. § 702 is not available.

■ Nevertheless, agency orders which fall outside the category of adjudications are not wholly insulated against judicial review. At common law they were reviewable on certiorari and in Pennsylvania mandamus was also available. *Man O'War, supra.* Thus, although we believe that the Act does not require the Commission to conduct a formal "adjudicative" process including full hearing before

5. A full hearing in this instance is not required by the due process clause. That clause does not guarantee or require that full notice and hearing rights be afforded at every possible opportunity. The only requirement is that such rights be available before personal or property rights are taken. The Human Relations Commission's jurisdiction is somewhat unusual because its power to "adjudicate" personal or property rights is concurrent, for the most part, with Common Pleas. The Common Pleas action is an original *de novo* action, not one analogous to situations where appeals from Commonwealth agencies are heard in Common Pleas. When the Commission dismisses a complaint on a finding of no probable cause, an action in Common Pleas is always available. The addition in 1974 of this concurrent right to sue in Common Pleas allows the Commission to terminate certain complaints it deems meritless by providing the complainant required due process of law by an original action in Common Pleas. This frees the Commission to address only those cases in which it does find probable cause. Most agencies, on the other hand, are designed to be the exclusive forum for enforcing certain rights. *See, e.g.,* 43 P.S. § 211.8(a) (giving the Pennsylvania Labor Relations Board exclusive jurisdiction over unfair labor practices as defined under state law); 66 Pa.C.S. § 501 (public utilities jurisdiction).

determining that there is no probable cause, the record must show that it actually exercised the discretion the legislature gave it through officials with express or delegated statutory authority, and that those officials acted in accordance with properly published rules. This is not to say it must give reasons for the exercise of its broad discretion. To require reasons and findings would be likely to frustrate the legislative purpose in granting that discretion. It must simply show on the record that it took the discretionary action.

■ This is consistent with our traditional view that the scope of review of agency actions which do not constitute adjudications is extremely limited. As we stated in *Man O'War, supra,* if agency action is not ordinarily appealable, "our inquiry is limited to questions of jurisdiction, the regularity of the proceedings and constitutional issues." 433 Pa. at 437, 250 A.2d at 174. Such a limited standard is particularly appropriate where, as here, the order does not adjudicate an individual right and the individual, denied administrative aid in enforcing his right, retains a right to bring an action in Common Pleas. To impose a broader standard of review would force the Commission to create a full record supporting its decision to dismiss a single complaint, which it feels is meritless, among the myriad of complaints brought before it, to the detriment of its role in developing the law of discrimination.

Admittedly, the Pennsylvania Human Relations Commission was formed, *inter alia*, to allow persons claiming unlawful discrimination in employment, or in other areas set forth in the statute, an alternative, in seeking relief, to our Common Pleas courts. The legislature also apparently believed, however, that the Commission would develop expert knowledge in the field, handle such claims more efficiently, and, by exercising discretion in selecting those cases to which it would afford full enforcement proceedings, develop a clear body of law in this field. To accomplish these purposes the Commission was given broad discretion to determine whether a complaint has probable cause and

warrants its full consideration.[6] The legislature limited the administrative review of a finding of no probable cause to a request for a preliminary hearing.[7] The statute does not require the Commission to hold a formal hearing simply on that request. Indeed, to serve the legislative purpose, the Commission must be able to allocate its own limited resources between preliminary investigations of probable cause on the multitude of complaints brought before it and more time-consuming full enforcement proceedings where conciliation fails.[8] *Accord, Carney v. Floyd,* 45 Pa.Commonwealth Ct. 10, 404 A.2d 760 (1979).

■■■ However, both the statute and elementary notions of fairness require the Commission to exercise its discretion in an orderly manner under uniform procedures made known to the public in advance. Therefore, the Commission's broad discretion, to deny a complainant's request for a preliminary hearing after it has found no probable cause to issue a complaint, must, nevertheless, be exercised in accordance with the purposes of the statute and the Commission's own procedural rules and regulations, openly and uniformly applied.

■■■ A complainant is entitled to proceed by mandamus in Commonwealth Court's original jurisdiction for the

6. The statute expressly requires only "notice" to the complainant if no probable cause is found:
 If it shall be determined after [prompt investigation in connection with the filing of any complaint] that no probable cause exists for crediting the allegations of the complaint, the Commission shall ... cause to be issued and served upon the complainant written notice of such determination....
 Section 9(c), 43 P.S. § 959(c).

7. [S]aid complainant or his attorney may, within ten days after such service [of the no probable cause determination], file with the Commission a written request for a preliminary hearing before the Commission to determine probable cause for crediting the allegations of the complaint.
 *Id.*

8. According to the annual reports filed by the Commission, it issued 1,188 no probable cause determinations in the year ending June 30, 1982, and 1,178 in the year ending June 30, 1981. The number of complaints filed in the same years is 2,759 and 2,508, respectively.

narrow purpose of seeing that the Commission has discharged its duties in such an orderly manner. The Commission, by its regulations, has now set up a procedure for internal reconsideration beyond that mandated by the statute.[9] There are no regulations, however, on the procedure for handling complaints with probable cause after conciliation has failed. On this record we are unable to tell whether there is a formal procedure or, if so, whether it was followed in this case. Therefore, Commonwealth Court was correct in remanding the case to the Commission. However, that court's power is limited to requiring the Commission to elaborate the record sufficiently to show compliance with the statute and with such appropriate rules as the Commission has adopted, or may properly adopt, with respect to proceedings on complaints with probable cause where conciliation has failed.

 In order to permit Commonwealth Court to exercise its function of insuring the regularity of initial proceedings before the Commission in an original action in mandamus, there must be a record available to the reviewing court sufficient to show that discretion has been exercised by appropriate officials in accordance with the statute and the agency's own rules. The record here and in Commonwealth Court does not demonstrate that. Rather than force that court to take evidence to develop the record the agency itself should have made, we will require the Commission to promptly respond to complainant's request for preliminary hearing or reconsideration. If it denies the same, the Commission must supplement the administrative record in a manner sufficient to show orderly consideration of this matter under published rules, followed by the exercise of discretion by individuals with direct or properly delegated statutory authority to dismiss complaints for lack of probable cause or to reconsider a determination of probable cause where conciliation has failed. If the Commission has not investigated this complaint in that manner, or if appropriate officials have not exercised their discretion on the issue of

9. *See* 16 Pa.Code §§ 42.61–63.

probable cause, it, they or both are directed to do so. Only upon a record evidencing such action in accordance with a clearly defined procedure can the judiciary decide whether the Commission's decision in this case should be affirmed.

The order of Commonwealth Court is affirmed as modified, and the case is remanded to the Pennsylvania Human Relations Commission for further proceedings in accordance with this opinion. Commonwealth Court is directed to retain jurisdiction.

NIX, C.J., files a dissenting opinion in which ZAPPALA and PAPADAKOS, JJ., join.

NIX, Chief Justice, dissenting.

The majority in essence states that a decision not to exercise jurisdiction by the Human Relations Commission is of a non-adjudicative nature and, therefore, not properly subject to judicial review. With that premise, I am in full accord. The personal or property rights of the disappointed claimant are not affected. 2 Pa.C.S. § 101. The complainant is free to proceed in the Court of Common Pleas under section 12(c) of the Human Relations Act, Act of October 27, 1955, P.L. 744, as amended, 43 P.S. § 962(c), or under section 1983 of the Civil Rights Act, 42 U.S.C. § 1983. The majority opinion then proceeds to discuss the question as to whether or not there was in fact an exercise of discretion. I can find no basis in this record for such an inquiry since it is clear that there was a determination that the Commission, after investigation, would take no further action. That decision is the reason for this very law suit. To proceed further from this point is in fact a review of the manner in which that discretion was exercised which should not be the subject of judicial inquiry. A basic principle of administrative law is to give deference to the administrative agency. It would appear, therefore, that there would be no need for any further inquiry as to the manner in which the decision was reached.

ZAPPALA and PAPADAKOS, JJ., join in this dissenting opinion.