646 A.2d 598

**Thomas S. COOK and Katherine L. Niven, Petitioners,**

**v.**

**PENNSYLVANIA DEPARTMENT OF AGRICULTURE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 12, 1994.

Decided July 22, 1994.

Thomas S. Cook, for petitioners.

Dwight–Jared Smith, Asst. Counsel, for respondent.

Before CRAIG, President Judge, SMITH, J., and LORD, Senior Judge.

CRAIG, President Judge.

Thomas Cook and Katherine Niven, husband and wife land-owners, appeal a determination of the State Agricultural Land Preservation Board of the Commonwealth of Pennsylvania, Department of Agriculture (state board) refusing to support their request for approval to subdivide a tract of land.

The landowners present the following questions on appeal: 1) whether the state board has the authority to render a decision on subdivision of property on which there is an agricultural conservation easement owned by the state and the county; 2) whether the state board's action regarding the property in question constituted an adjudication under 2 Pa. C.S. § 101, or complied with adjudication requirements under administrative agency law; 3) whether the state board capriciously disregarded the evidence which the landowners pre-

sented, or abused its discretion; 4) whether the state board violated the landowners' due process rights, and; 5) whether the Adams County Land Preservation Board (county board) may render a decision in this case.

## HISTORY

The history of this case, as averred in the petition for review, follow. In 1990, the landowners, pursuant to the Agricultural Conservation Easement Purchase Program, sold to the state board and the county board *jointly* an agricultural conservation easement consisting of forty-five acres of land on the landowners' fifty-acre farm located in Latimore Township, Adams County. In layout, Mountain Road, a state-owned road, divides the farm; a house, in which the landowners reside, and approximately thirty-three acres of land, is located east of Mountain Road, and a barn and approximately seventeen acres of land are located on the west side of the road. The five acres of land which is excluded from the easement lies west of the road, and includes the barn. Thus, twelve acres of the seventeen acres of land to the west of Mountain Road, constitutes a portion of the land subject to the easement.

Section 3 of the Agricultural Area Security Law, Act of June 30, 1981, P.L. 128, *as amended*, 3 P.S. § 903, defines an agricultural conservation easement as:

An interest in land, less than fee simple, which interest represents the right to prevent the development or improvement of the land for any purpose other than agricultural production. The easement may be granted by the owner of the fee simple to any third party or to the Commonwealth, to a county governing body or to unit of local government. It may be granted for a term of 25 years or in perpetuity, as the equivalent of covenants running with the land.

The easement in the present case is one in perpetuity.

The landowners requested that Latimore Township approve subdivision of the farm into two tracts of land conforming to the division of the land by Mountain Road: 1) a seventeen-acre tract (which includes the five acres excluded from the

easement) to the west of the road, and 2) a thirty-two-acre tract to the east of the road. The parties agree that the landowners have the right to subdivide the five acres of land not included in the easement. However, by the requested subdivision, the landowners want to add twelve of the acres under easement, west of the road, to the five-acre parcel in order to erect a dwelling within the proposed seventeen acre lot at a point where the boundary of the former five-acre parcel was located.

The township notified the county board of the landowners' request and the county recommended that the township take no official action "until appropriate determinations are made on the matter." (Petition for Review, pg. 3) The county board then requested a ruling from the state board as to whether the twelve acres, subject to easement on the west side, was an economically viable farm, under 7 Pa.Code § 138e.225, quoted below.

At a state board meeting held on October 7, 1993, the landowners contended that their evidence established that the proposed subdivision would not harm the economic viability of the land restricted by easement which is restricted for agricultural production. The state board has no stenographic recording of this proceeding; it has only the minutes of the meeting, which do not reflect any presentations made by the landowners.

The state board made a decision "not to support" the landowners' request for subdivision of the property, concluding that the subdivision was not permissible because the subdivision was not "in the best interest of farmland preservation." (R. Exhibit 1, pg. 5.)

The landowners' appeal of the state board's decision is now before this court.

## ANALYSIS

### 1. State Board's Authority to Rule on Subdivision of Easement

The landowners cite 3 Pa.C.S. § 914.1, which outlines the state board's authority to administer a program for the

purchasing of agricultural easements, in support of their argument that the state board has the authority to render a decision on the subdivision of property on which there is an agricultural easement.

Section 914.1(e) authorizes the state board to accept or reject recommendations made by the county board to *purchase* agricultural easements. In addition, § 914.1(a)(3)(x) and (xi) give the state board authority:

(x) To establish and publish the *standards, criteria, and requirements* necessary for State Board approval of county programs for purchasing agricultural conservation easements.

(xi) To *review, certify and approve, or disapprove,* county programs for purchasing agricultural easements.

(Emphasis added.)

The procedure for *inspecting and enforcing* an agricultural easement is outlined in 7 Pa.Code § 138e.201–206. Section 138e.201 states:

(a) The county board shall have the *primary responsibility* for inspecting restricted land and enforcing an easement.

(b) The State Board or its designee will have *the right* to inspect restricted land and enforce an easement on its own behalf or in conjunction with the county board.

(Emphasis added.)

Section 138e.204, which pertains to enforcement actions, states:

(a) The county board *shall enforce* the terms of each easement purchased within the county under the act, whether it be a county, State or joint purchase.

(b) The State Board *may enforce* the terms of State or jointly purchased easements.

(c) The right of the State Board to enforce the terms of an easement may be exercised either jointly with the county board or by the State Board acting on its own behalf.

(Emphasis added.)

Section 138e.206 gives the county board authority to commence and prosecute an action in the trial court of the county in which the property is located to seek an order to correct the violation of the terms of the easement, and to enjoin further violation.

In 7 Pa.Code § 138e.225 are found the only provisions pertaining to *subdividing* property containing an agricultural easement. These provisions state:

a) The restricted land may be subdivided if subdividing will not harm the economic viability of the restricted land for agricultural production.

(b) If no residential structure other than that existing on the date of the granting of the easement has been constructed, the owner shall indicate on which subdivided parcel the residential structure may be constructed. Deeds to other parcels shall recite that no additional residential structure is permitted.

This regulation is utterly ambiguous because it fails to state what agency decides whether or not the stated standard for subdivision (no harm to economic viability of the land) has been met.

The state board argues that either the state or county board can render a decision on subdivision of property containing an agricultural easement because § 138e.204 gives either the county or the state the right to *enforce the terms* of an easement; however, the state board argues that under that section and § 138e.201, the county has the *primary* responsibility to inspect and enforce an easement and the state has discretionary authority to enforce the easement, and thus, the state may choose not to exercise that authority.

Thus we see that these landowners must deal, not only with the unfortunate ambiguity of the state's regulations, but also with the conflicting positions of the county and state boards. The county refuses to act on the subdivision request until the state board acts, and the state board says that it may leave the matter to the county alone.

Landowners who have cooperated with this conservation easement program should not have to deal with such a bureaucratic dilemma.

Here the landowners conveyed the easement to the county and state jointly. Each agency holds an easement interest. Hence, it is obvious that each must consider and act upon the subdivision request.

For subdivision, each easement grantee must consent, pursuant to the standard stated in the regulation, 7 Pa.Code § 138e.225. If only the county were a grantee, only the county's consent would be needed. If only the state were a grantee, only the state's consent would be needed.

As to this easement jointly held, *both* must act.

### 2. State Board's Decision

The landowners contend that the state board's action in this case constituted an adjudication under 2 Pa.C.S. § 101, and as such, this court may review that decision.

2 Pa.C.S. § 101 defines "adjudication" as:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities, or obligations of any or all of the parties to the proceeding in which the adjudication is made.

Administrative actions are "adjudications" when they result in final determinations which affect personal or property rights. *Allegheny Ludlum Steel Corp. v. Public Utility Commission*, 501 Pa. 71, 459 A.2d 1218 (1983). If an agency's order or determination is not an adjudication, the remedy of appeal to this court is not available. *Baker v. Human Relations Commission*, 507 Pa. 325, 489 A.2d 1354 (1985).

Under 2 Pa.C.S. § 752, an individual with a direct interest in an adjudication of an agency, who is aggrieved by that adjudication, shall have the right to appeal from that agency's decision to a court vested with jurisdiction to hear such appeals. An agency's action is an adjudication if its

decision or refusal to act leaves a complainant with no other forum in which to assert her rights. *Wortman v. Human Relations Commission,* 139 Pa.Commonwealth Ct. 616, 591 A.2d 331 (1991).

In this case, the parties agree that 1) the landowners requested approval from Latimore Township to subdivide the property, 2) the township notified the county board of the proposal, 3) the county board recommended to the township that the township not take any action until determinations had been made on the matter, and 4) the county board then requested a ruling from the state board as to whether the tract of land was an economically viable farm.

At the October 7, 1993 state board meeting, the state board's minutes reflect that the state board discussed the landowners' request for subdivision of the property. At that meeting, a board member made a motion to deny the subdivision request, and that motion died because of a lack of a second. After discussing various other topics at the October meeting, the board again discussed the subdivision proposal as follows:

> George Gregg again raised the subject of the Adams County subdivision approval of the Thomas Cook/Katherine Niven farm. He told Board members he thought the State Board owed it to Adams County to make a decision one way or the other. Ken Rutt made the motion not to support the subdivision in lieu of the fact it is not in the best interest of farmland preservation. George Gregg seconded the motion. Motion passed unanimously.

(R. Exhibit 1, pg. 5, emphasis added.)

This court concludes that the state board's determination was an adjudication, or final order under 2 Pa.C.S. § 101. That board's action "not to support" the landowners' request for subdivision approval, in effect constituted a *denial* of the landowners' request. As noted above, county approval is not sufficient without a matching approval by the state as joint grantee of the easement.

Although the county board requested the state board to issue a ruling as to whether the property with the easement, which the landowners want to subdivide, is an economically viable farm, which is the standard under 7 Pa.Code § 138e.225 for subdividing such property, the state board did not make such a ruling. The state board chose not to apply that standard and instead issued a decision not to support the subdivision because the subdivision was not in the "best interest of farmland preservation."

■ Under 2 Pa.C.S. § 504, an adjudication of a Commonwealth agency is not valid as to a party unless that party had reasonable notice of the hearing and an opportunity to be heard. In addition, that section requires that all testimony be stenographically recorded and that the agency keep a complete record of the proceedings.

■ In the present case, the state board contends that October 7, 1993 meeting was not stenographically recorded because the stenographer never arrived. The landowners contend that they presented evidence as to the economic viability of the property, but that this evidence was not recorded.

Because there is no record of the proceedings before the state board, the board's adjudication is not valid, and this court has no basis to decide whether or not the board erred as a matter of law in making its final decision.

Accordingly, this court will vacate the board's decision not to support the subdivision and remand this case to the state board for a stenographically recorded hearing in which the board applies the standard under 3 Pa.Code § 138e.225, which requires a determination as to whether subdivision of the property is economically viable.

### ORDER

NOW, July 22, 1994, the decision of state board not to support the subdivision, dated October 7, 1993, is vacated, and this case is remanded to the state board for a stenographically

recorded hearing, pursuant to 2 Pa.C.S. § 504, where the board shall apply the standard under 3 Pa.Code § 138e.225, and reach a determination as to whether subdivision of the property is economically viable.

Jurisdiction relinquished.