Furman RALEIGH, Petitioner,

v.

**PENNSYLVANIA HUMAN RELATIONS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 17, 1995.
Decided June 5, 1995.

Furman Raleigh, petitioner, for himself.

Katherine H. Fein, Asst. Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Before this Court are the preliminary objections in the nature of demurrer filed by the Pennsylvania Human Relations Commission (PHRC) to Furman Raleigh's pro se petition seeking an order directing the PHRC to investigate his complaint of racial discrimination under the Pennsylvania Human Relations Act (Act), Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §§ 951–962.2. The issues raised in the preliminary objections are whether Raleigh has stated a claim for the extraordinary relief in mandamus and whether his complaint conforms to the Pennsylvania Rules of Civil Procedure governing the contents of a complaint in mandamus.[1]

In his petition, Raleigh alleges that in 1993 he became aware of an August 1985 internal memorandum of Westinghouse Electric Corporation (Employer) which proves that Employer concealed facts from the PHRC of a specific incident where a white male participated in illegal activity and was not disciplined. Raleigh further alleges that Employer's concealment of the facts was misleading and tolls the statute of limitation on his racial discrimination complaint. Raleigh notes that the courts have not ruled on whether Employer has shown the white male preferential treatment because of his race and asserts that the discrimination continues since the white male remains employed by Employer and Raleigh continues to be unemployed.[2]

In its brief in support of its preliminary objections and by way of background, the PHRC indicated that in a collateral matter Raleigh filed a complaint of racial discrimination with the PHRC after he was terminated from employment with Employer in 1984. The PHRC dismissed the complaint in January 1985 as it found no probable cause to credit the allegations. Raleigh pursued his allegations of racial discrimination against Employer in an action in the Court of Common Pleas of Allegheny County, which the

---

1. Raleigh filed his complaint with the Court of Common Pleas of Allegheny County which transferred the action to this Court. By order dated December 12, 1994, this Court indicated that the complaint would be considered as a petition for review in the nature of mandamus addressed to this Court's original jurisdiction.

2. Raleigh attached to his petition a notarized affidavit of a co-worker stating that the white male participated in theft related activities but was not terminated for his conduct.

court dismissed as time barred. The trial court's decision was upheld by the Pennsylvania Superior Court in *Raleigh v. Westinghouse Elec. Corp.*, 379 Pa.Superior Ct. 606, 550 A.2d 1013 (1988), *appeal denied*, 522 Pa. 613, 563 A.2d 499 (1989).

Raleigh filed a second complaint with the PHRC in July 1993 alleging that Employer's internal memorandum constituted newly discovered evidence in support of his original complaint. The PHRC dismissed this second complaint as untimely and Raleigh filed for reconsideration and requested a preliminary hearing. The PHRC denied Raleigh's request in its letter dated May 10, 1994, and advised Raleigh that it reviewed his request and found that no facts or evidence were presented which were not considered or would alter the original finding. The letter also advised Raleigh that his case was closed and he had no further right of appeal with the PHRC but could file a complaint with the Court of Common Pleas pursuant to Section 12(c) of the Pennsylvania Human Relations Act, 43 P.S. § 962(c).

The PHRC argues that mandamus may only be granted to compel performance of a ministerial act or a mandatory duty where there exists a clear legal right in the plaintiff, and Raleigh's petition is insufficient because he did not allege that the PHRC failed to perform any ministerial act or mandatory duty. The PHRC maintains that in investigating Raleigh's complaints, it followed the appropriate procedures set forth in Section 9 of the Act, 43 P.S. § 959;[3] and although Raleigh disagrees with the results of PHRC's determinations, mandamus may not lie to direct the exercise of judgment or discretion nor to require an administrative process which was already completed.

■ This Court recently disposed of preliminary objections in the form of a demurrer to a request for mandamus in *Sanders v. Pennsylvania Board of Probation and Parole*, —— Pa.Commonwealth Ct. ——, ——, 651 A.2d 663, 666 (1994). The Court observed that:

A mandamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy. (Citation omitted.) A court of law of competent jurisdiction issues a mandamus to a public official, board or municipality directing them to perform a particular duty which results from their official station or operation of law. (citation omitted). A mandamus will not lie to compel discretionary acts, (citations omitted).

When reviewing preliminary objections, all well-pleaded facts which are material and relevant must be considered as true. *Zinc Corp. of America v. Department of Environmental Resources*, 145 Pa.Commonwealth Ct. 363, 603 A.2d 288 (1992), *aff'd*, 533 Pa. 319, 623 A.2d 321 (1993). Preliminary objections shall be sustained only when they are clear and free from doubt. *Id.*

■ The PHRC has been granted broad discretion to determine whether a complaint presents probable cause to warrant its full consideration and investigation. *Baker v. Pennsylvania Human Relations Commission*, 507 Pa. 325, 489 A.2d 1354 (1985). While a court may compel the exercise of discretion, mandamus may not lie to direct a judgment or the exercise of discretion in a particular way nor require the performance of a particular discretionary act. *Pennsylvania Dental Ass'n v. Commonwealth of Pennsylvania Insurance Department*, 512 Pa. 217, 516 A.2d 647 (1986). A decision by the PHRC not to pursue a discrimination claim is subject to limited review by this Court to determine whether the duties of the PHRC have been discharged "by the appropriate

---

**3.** Section 9 provides in pertinent part:
(b)(1) After the filing of any complaint, ... the Commission shall make a prompt investigation in connection therewith.

. . . . .

(c) If it shall be determined after such investigation that no probable cause exists for crediting the allegations of the complaint, the Commission shall ... cause to be issued and served upon the complainant written notice of such determination. . . .

. . . . .

(h) Any complaint filed pursuant to this section must be so filed within one hundred eighty days after the alleged act of discrimination. . . .

officials in accordance with the statute and the [PHRC's] own regulations." *Graves v. Pennsylvania Human Relations Commission,* 160 Pa.Commonwealth Ct. 65, 70 n. 6, 634 A.2d 701, 703 n. 6 (1993) (citing *Baker*).

■ Raleigh has not pleaded facts sufficient to overcome the preliminary objections filed by the PHRC as he has failed to establish a clear right to relief in mandamus. While Raleigh requests this Court to order PHRC to reinvestigate his complaint, he does not allege that any official of the PHRC in any way failed to perform his or her statutory duties to investigate either of Raleigh's complaints or that the PHRC has failed to follow its own regulations. *See* Section 7 of the Act which requires that the PHRC "initiate, receive, investigate and pass upon complaints charging unlawful discriminatory practices." 43 P.S. § 957.

To the contrary, Raleigh's allegations challenge the decisions rendered by the PHRC and as such represents an attempt to direct a particular judgment on the merits of his complaints or a review by this Court of the PHRC's exercise of its discretion, rather than to support any grounds for the grant of mandamus. *Pennsylvania Dental Ass'n* (petition for mandamus must not be turned into a general writ of error or writ of review). To the extent that Raleigh attempts to cure the defects in his petition by arguing in his brief that the PHRC failed to process and investigate the case fully and in a timely manner, this Court has recognized that a response to a preliminary objection cannot be used as a tool to amend the complaint. *See Picariello v. Commonwealth,* 54 Pa.Commonwealth Ct. 252, 421 A.2d 477 (1980).

■ Notwithstanding the fact that Raleigh has not motioned this Court for leave to amend his petition, he baldly asserts that leave should be granted to allow amendments "if necessary." Leave to amend a pleading will not be granted where an amendment will not likely cure the defects in the pleading. *Simmons v. Township of Moon,* 144 Pa.Commonwealth Ct. 198, 601 A.2d 425 (1991). Raleigh concedes that the PHRC investigated

and passed upon his complaints. Thus leave to amend need not be granted because questions regarding whether the PHRC "fully" or "timely" investigated those complaints are not matters properly raised in mandamus.[4]

The Court's disposition of the first objection raised by the PHRC is dispositive of this case. It is not necessary, therefore, for the Court to address the PHRC's further objections that Raleigh's complaint fails to conform to Pa.R.C.P. No. 1095 made applicable to this proceeding by Pa.R.A.P. 1517 or that Raleigh has a full remedy at law under Section 12 of the Act, 43 P.S. § 962(c)(1), by way of suit against Employer in the Court of Common Pleas. Accordingly, the preliminary objections filed by the PHRC are sustained and Raleigh's petition for review in the nature of mandamus is denied.

## ORDER

AND NOW, this 5th day of June, 1995, the preliminary objections filed by the Pennsylvania Human Relations Commission are sustained and Furman Raleigh's petition for review in the nature of mandamus is denied.

---

**4.** By proceeding pro se, Raleigh assumed the risk that his lack of expertise and legal training will "prove to be his undoing." *Daly v. Unemployment Compensation Board of Review,* 158 Pa.Commonwealth Ct. 130, 133, 631 A.2d 720, 722 (1993).