# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Lawson,                                    :
                          Petitioner             :
                                                 :
              v.                                 :   No. 644 M.D. 2016
                                                 :   SUBMITTED:  February 10, 2017
Pennsylvania Department of                       :
Corrections John Wetzel; SCI-Forest's            :
Superintendent Michael Overmyer;                 :
SCI-Forest's Grievance Coordinator               :
Lisa Reeher,                                      :
                          Respondents             :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                          FILED:  May 16, 2017


         Tyree Lawson (Lawson), *pro se,* has filed a "Complaint for Mandamus Action"[1] in our original jurisdiction, naming as respondents John Wetzel, Secretary of the Pennsylvania Department of Corrections (Department); Michael Overmyer, Superintendent of the State Correctional Institution-Forest (SCI-Forest); and Lisa Reeher, SCI-Forest's Grievance Coordinator[2] (collectively, Respondents).  Before this Court are Respondents' preliminary objections in the

---

[1] Although Lawson's pleading is in the nature of a petition for review, *see* Pa. R.A.P. 1516(b), we will refer to Lawson's pleading as a complaint, as the parties do, to avoid confusion.

[2] Although Reeher is named in the caption as Grievance Coordinator, Respondents state that her job title is Superintendent's Assistant. (Preliminary Objections ¶ 2.)

nature of a demurrer, seeking dismissal of Lawson's complaint pursuant to Pennsylvania Rule of Civil Procedure No. 1028(a)(4). We sustain Respondents' preliminary objections; however, because the preliminary objections were not addressed to all of Lawson's claims, we dismiss only that portion of Lawson's complaint concerning the mandamus claim to which the preliminary objections were addressed.

Lawson's complaint alleges the following facts. On July 18, 2016, Corrections Officer Wolfgang directed Lawson to sign SCI-Forest's inmate legal mail tracking sheet.[3] (Complaint ¶ 12.) Lawson asked the officer to show him the piece of mail, and when the officer did, Lawson noticed the letter was opened outside of his presence. (Complaint ¶ 12.) Lawson declined to sign the tracking sheet, and thus, rejected the letter. (Complaint ¶ 12.) The same day, Lawson filed an official inmate grievance (Grievance No. 635138) alleging improper conduct based on the mail being opened outside of his presence. (Complaint ¶ 13.) Lawson later discovered that the mail was sent by the United States District Court in connection with his case pending before that court, and contained the United States District Court's June 27, 2016 order granting him permission to file an appeal *nunc pro tunc* within fourteen days of the issuance of the order. (Complaint ¶ 15.) Lawson then promptly filed an "After-the-Fact Grievance" (Grievance No. 638792) on August 8, 2016. (Complaint ¶ 15.) Lawson states that the "July 18, 2016 rejected legal mail represents a blatant act of Government Interferrence [sic]… by intercepting, opening and withholding petitioner's legal" mail until

---

[3] Lawson alleges that an inmate's signature on the tracking sheet represents that the mail was received closed and opened in the inmate's presence. (Complaint, ¶ 12, n.1.)

seven days beyond the period granted to file the appeal. (Complaint ¶ 15, ellipsis in original.)

With respect to the first grievance (No. 635138), Lawson received an initial denial response, which he appealed, and on September 6, 2016, SCI-Forest's facility manager denied the appeal. (Complaint ¶ 16.) On September 23, 2016, Lawson filed a final appeal with the Department's chief inmate grievance coordinator. (Complaint ¶ 16.)

With respect to the second grievance (No. 638792), Lawson alleges Respondent Reeher arbitrarily rejected the grievance. (Complaint ¶ 17.) Lawson appealed to the facility manager, who, on September 13, 2016, remanded the matter to the grievance officer for further investigation and response. (Complaint ¶ 17.) Lawson alleges that no response has been provided in violation of the remand order and Department Policy DC-ADM 804. (Complaint ¶ 18.) Lawson seeks mandamus to compel ministerial acts consistent with the Department's policy, quoting sections of DC-ADM 804 relating to inmate grievances. (Complaint pg. 4.)

Lawson alleges that he "is likely to suffer future irreparable harm through these unfair acts amounting to blatant Official Oppression… by refusing to respond to petitioner's [Lawson's] filed actions that's [sic] furtherly [sic] demonstrating the unavailability of the Inmate Grievance Procedure …" and continued irreparable harm from the denial of access to the courts. (Complaint pg. 5, first ellipsis in original.) Lawson alleges Department employees are acting in

3

violation of the Department's Code of Ethics. (Complaint pg. 5.) Lawson moves this Court "to compel the Secretary John Wetzel to produce and furnish to petitioner [Lawson] an Administrative order directing said SCI-Forest Officials to tamper with, withhold and obstruct petitioner's rightfully entitled outgoing and incoming mail [(First Request)]. In addition to compelling the other named responds [sic] to provide responses to petitioner's filed actions [(Second Request)]"; and to order reimbursement for the costs associated with this action, not exceeding $50.00.[4] (Complaint pg. 5.) Lawson "prays for the requested mandamus relief by compelling said actors to produce said requested Administrative Order {'Authorizing'} and responses to petitioner's filed actions." (Complaint pg. 5.) Although Lawson's complaint is somewhat confusing, in sum, excluding costs sought, Lawson is essentially seeking mandamus to compel two separate acts.

"Mandamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy." *Wilson v. Pennsylvania Board of Probation & Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008). "The purpose of mandamus is to enforce rights that have been clearly established." *Tindell v. Department of Corrections*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). "Mandamus may not be used to establish legal rights or to compel performance of discretionary acts." *Id*. "While a court may compel the exercise of discretion, mandamus may not lie to direct a judgment

---

[4] In his brief, Lawson asks for permission to amend this amount to $90.00. (Lawson's brief at 7.) As this request is not properly before us, we will not address it.

or the exercise of discretion in a particular way nor require the performance of a particular discretionary act." *Raleigh v. Pennsylvania Human Relations Commission*, 660 A.2d 177, 179 (Pa. Cmwlth. 1995).

Here, Lawson's First Request for mandamus relief asks this Court "to compel the Secretary John Wetzel to produce and furnish to petitioner [Lawson] an Administrative order directing said SCI-Forest Officials to tamper with, withhold and obstruct petitioner's rightfully entitled outgoing and incoming mail." Initially, we must state that we find Lawson's request to be confusing and wonder if, perhaps, there is a typographical error.[5] Nonetheless, while we recognize that a *pro se* litigant is not held to the stringent standards expected of pleadings drafted by lawyers, *Madden v. Jeffes*, 482 A.2d 1162 (Pa. Cmwlth. 1984), this leniency does not allow us to speculate as to the relief a litigant might be seeking, nor does it permit us to insert words or otherwise redraft a litigant's pleading.

Respondents state that although Lawson's complaint is "unclear," he "seems to be attempting to assert a violation of the First Amendment regarding the opening of his mail" and that he "could perhaps also be arguing a denial of access to the courts in relation to said mail which he asserts contained an order from a federal habeas corpus case …." (Respondents' brief at 10.) Respondents have characterized Lawson's requested relief as seeking "an order from the secretary affirming that his legal mail was tampered with in an attempt to obstruct incoming and outgoing mail." (Respondents' brief at 12.) Respondents have filed

---

[5] We note, however, that Lawson makes this identical, or nearly identical, request elsewhere in his pleadings. (*See* Lawson's brief at cover pg. & pg. 3.)

preliminary objections in the nature of a demurrer, alleging legal insufficiency for several reasons.[6] Although Lawson responds that the Respondents inappropriately attempt to convert his action into a civil rights action regarding interference with access to courts, he does not otherwise dispute the Respondents' characterization of his claim.

Lawson has no clear legal right to compel performance of the relief he seeks, "to compel the Secretary John Wetzel to produce and furnish to petitioner [Lawson] an Administrative order directing said SCI-Forest Officials to tamper with, withhold and obstruct petitioner's rightfully entitled outgoing and incoming mail." While Lawson makes general allegations of violations, he fails to identify or allege any clear legal right to the relief he seeks.[7] Moreover, to the extent Respondents have accurately characterized the relief Lawson seeks as "an order from the secretary affirming that his legal mail was tampered with in an attempt to obstruct incoming and outgoing mail," mandamus is not available. Such an order would require the exercise of discretion in a particular way, and mandamus may

---

[6] "Preliminary objections in the nature of a demurrer are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom, but not the complaint's legal conclusions and averments." *Lennitt v. Department of Corrections*, 964 A.2d 37, 40 (Pa. Cmwlth. 2008). "A demurrer should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded." *Id*.

[7] In his brief, Lawson refers to the Department's policy DC ADM 803 stating it mandates a specific time period in which an inmate shall receive his mail after it is received and processed in the institution. These allegations are not contained in the complaint, and it is the complaint we review for its legal sufficiency. Moreover, even if this allegation was in the complaint, it alone would not be sufficient to state a claim for mandamus relief. A Department policy, by itself, does not establish a clear legal right. *See Tindell* (stating that administrative regulations or policies do not create rights in inmates); *see also Bullock v. Horn*, 720 A.2d 1079, 1082 (Pa. Cmwlth. 1998) (same).

not lie to direct a judgment or the exercise of discretion in a particular way. *See Raleigh*.

We recognize that "Pennsylvania state prisoners have a First Amendment right not to have *properly marked* legal mail opened outside of their presence." *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015) (emphasis added). However, mail purporting to be legal mail is not automatically privileged; to be considered privileged, the Department requires the use of a control number issued by it. *Id*. at 407, n.2 (*citing Brown v. Pennsylvania Department of Corrections*, 932 A.2d 316 (Pa. Cmwlth. 2007)). This Court has upheld the Department's policies surrounding legal mail. *See Brown*. Here, Lawson has failed to allege that the mail contained any control number, thereby entitling him to any protections not to have the mail opened outside of his presence. Accordingly, Lawson's First Request is legally insufficient for this reason as well.[8]

We now turn to Lawson's Second Request, which seeks to compel Respondents to provide responses to his filed actions (grievances). Respondents have failed to raise any preliminary objections challenging this mandamus claim, and Respondents do not even mention this claim when summarizing the relief Lawson seeks. (*See* Respondents' preliminary objections, pg. 2.) As there are no

---

[8] Given our disposition, we need not address any of Respondents' other reasons that Lawson's First Request is legally insufficient. We note, however, that Respondents have alleged that they should be dismissed because constitutional violations against prison inmates require personal involvement on the part of each Respondent, and Lawson has not alleged the requisite personal involvement. However, Lawson is not asserting a claim for a constitutional violation. (*See* Lawson's Brief, cover pg.)

7

preliminary objections to this claim before us, we must, at this stage, allow Lawson's claim to proceed.

Accordingly, for the foregoing reasons, we sustain Respondents' preliminary objections with respect to Lawson's First Request, and therefore dismiss that portion of the complaint. Because no preliminary objections were filed to Lawson's Second Request, which asks this Court "to compel[] the other named responds [sic] to provide responses to petitioner's filed actions" that claim, as well as Lawson's claim for costs, remain, and the Respondents shall file an answer to Lawson's complaint within thirty (30) days of the date of this Court's order.

_____
JULIA K. HEARTHWAY, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Lawson,
     Petitioner    :
             :
             :
    v.        :  No. 644 M.D. 2016
             :
Pennsylvania Department of   :
Corrections John Wetzel; SCI-Forest's :
Superintendent Michael Overmyer;  :
SCI-Forest's Grievance Coordinator  :
Lisa Reeher,        :
      Respondents  :

O R D E R

    AND NOW, this 16th day of May, 2017, the preliminary objections filed by the Respondents in the above-captioned matter are hereby sustained with respect to Tyree Lawson's (Lawson) mandamus claim which seeks "to compel the Secretary John Wetzel to produce and furnish to petitioner [Lawson] an Administrative order directing said SCI-Forest Officials to tamper with, withhold and obstruct petitioner's rightfully entitled outgoing and incoming mail," and therefore, we dismiss that portion of Lawson's "Complaint for Mandamus Action," in the nature of a petition for review.  Because Respondents did not file any preliminary objections to Lawson's claim seeking "to compel[] the other named responds [sic] to provide responses to petitioner's [Lawson] filed actions," as well as to Lawson's claim for costs, those claims remain, and Respondents shall file an answer to Lawson's "Complaint for Mandamus Action" within thirty (30) days of the date of this Court's order.

            _____
            JULIA K. HEARTHWAY, Judge